UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES E. FRAZIER, | ) |
| Movant, | ) |
| v. | ) No. 4:05-CV-565-CDP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of James E. Frazier to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### Background

On January 16, 2004, movant pleaded guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced movant to seventy months imprisonment and four years of supervised release. Movant did not appeal from the judgment of conviction.

### Motion to Vacate

Movant seeks relief from his sentence pursuant to § 2255. He argues that his counsel was ineffective in failing to file a notice of appeal "after being instructed to do so."

### Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may

summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. At the latest, movant's one-year limitations period began to run on January 26, 2004, which was when his time for filing a notice of appeal expired.[1] The instant motion, however, was filed on April 8, 2005, several months after the running of the

---

[1] The Eighth Circuit has not directly addressed when a judgment of conviction becomes final when a movant does not file a notice of appeal.

2

one-year limitations period. Furthermore, movant's assertions that he asked his attorney to file his notice of appeal and "assumed he did," that he has "made numerous attempts to contact [his attorney] by mail and telephone to no avail," that his "mother and sister have also made numerous attempts to contact him without success," and that he "didn't know anything about a 2255 [or] its time limitation" are insufficient to equitably toll the limitations period. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

An appropriate order will accompany this memorandum and order.

Dated this 17th day of May, 2005.

_____
**UNITED STATES DISTRICT JUDGE**